UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MARY ALLEN

VERSUS

ORLEANS PARISH SCHOOL
BOARD

CIVIL ACTION

NO: 16-7182

SECTION: "S" (4)

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that the Orleans Parish School Board's Motion to Dismiss for failure to state a cause of action (Doc. #5) is **DENIED**.

**IT IS FURTHER ORDERED** that the Orleans Parish School Board's Motion to Stay pursuant to the Colorado River abstention doctrine (Doc. #5) **GRANTED**, and this matter is **STAYED** until plaintiff pursues enforcement of the settlement agreement in the state court action and that matter is closed.

## BACKGROUND

This matter is before the court on a motion to dismiss filed by defendant, Orleans Parish School Board ("OPSB"). OPSB argues that plaintiff failed to state a claim for which relief can be granted and that this court should abstain from exercising jurisdiction pursuant to the Colorado River doctrine.[1]

On January 28, 2002, plaintiff, Mary Allen, was injured in a slip and fall accident at Live Oaks Middle School, which was owned by the OPSB. She sued OPSB in the Civil District Court, Parish of Orleans, State of Louisiana seeking damages for her injury. Mary Allen v. OPSB, CDC No. 2003-1271. In 2006, the parties entered into a settlement agreement whereby OPSB agreed to pay

---

[1] OPSB also filed a motion to dismiss under Rules 12(b)(4) and 12(b)(5) of the Federal Rules of Civil Procedure arguing that it was improperly served. Allen has re-served OPSB, rendering moot this portion of the motion.

Allen $125,000 in consideration for a full release and compromise of her claims related to the fall. The agreement provided that Allen's settlement would be placed on OPSB's current "Resolved Claims List" and OPSB would pay it in accordance with its policies and procedures. Thereafter, OPSB asked Allen to agree to a 15% reduction in the settlement amount to expedite payment. Allen agreed, but has not been paid.

On May 27, 2016, Allen filed this suit against OPSB alleging that it breached the settlement agreement by failing to pay her claim. Allen's claim arises under Louisiana contract law, and she alleges diversity subject matter jurisdiction under 28 U.S.C. § 1332. OPSB responded by filing the instant motion to dismiss in which it argues that plaintiff failed to state a claim for which relief can be granted and that this court should abstain from exercising jurisdiction pursuant to the Colorado River doctrine.

## ANALYSIS

### I. Rule 12(b)(6) of the Federal Rules of Civil Procedure

OPSB argues that this case should be dismissed under Rule 12(b)(6), because Allen failed to state a claim for which relief can be granted.

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a motion to dismiss a complaint for failure to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, enough facts to state a claim for relief that is plausible on its face must be pleaded. In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007) (quoting Bell Atl. v. Twombly, 127 S.Ct. 1955, 1964-65 & 1973 n. 14 (2007)). A claim is plausible on its face when the plaintiff pleads facts from which the court can "draw the reasonable inference that the defendant

2

is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 127 S.Ct. at 1965. The court "must accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party." In re S. Scrap Material Co., LLC, 541 F.3d 584, 587 (5th Cir. 2008). However, the court need not accept legal conclusions couched as factual allegations as true. Iqbal, 129 S.Ct. at 1949-50.

OPSB argues that Allen failed to state a claim for which relief can be granted because there is no federal remedy for enforcing a settlement agreement against a school board in Louisiana. OPSB cites Milton v. St. Bernard Parish Sch. Bd., 803 F.2d 129, 132 (5th Cir. 1986), in which the court held that a school board's failure to appropriate funds to pay a judgment was not a taking in violation of the Due Process Clause. OPSB also cites Freeman Decorating Co. v. Encuentro Las Americas Trade Corp., 352 Fed. Appx. 921 (5th Cir. 2009), in which the plaintiff sought to seize state assets to satisfy a judgment, and the court held that the federal interests did not trump state law prohibiting such seizure. Finally, OPSB cites Davis v. Orleans Parish Sch. Bd., 2005 WL 2037369 (E.D. La. Aug. 18, 2005), in which the court found that a plaintiff could not sustain a cause of action for a violation of the Equal Protection Clause against the OPSB with respect to OPSB's policy for paying judgments because the policy furthered its goal of maximizing the use of limited resources, permitted it to balance its legal obligations with its mission to furnish educational services and provided fair treatment to those who obtained judgments and settlements against it.

This case is distinguishable from those cited by OPSB in that Allen has not brought any constitutional claims or sought seizure of state assets. Instead, Allen brought a breach of contract

3

claim against OPSB under Louisiana law. This court has diversity subject matter jurisdiction over the claim. Thus, Allen has stated a cause of action, and OPSB's motion to dismiss for failure to state a cause of action is DENIED.

## II. <u>Colorado River</u> Abstention Doctrine

OPSB acknowledges that this court has diversity subject matter jurisdiction over this action pursuant to § 1332, because Allen is a citizen of Texas, it is a citizen of Louisiana and there is more than $75,000 in controversy. However, OPSB argues that this court should abstain from exercising such jurisdiction under the <u>Colorado River</u> doctrine.

Pursuant to the <u>Colorado River</u> abstention doctrine, a district court may stay or dismiss a federal suit when there is a parallel suit pending in state court. <u>Colo. River Water Conservation Dist. v. United States</u>, 96 S.Ct. 1236 (1976). A federal court may use the <u>Colorado River</u> doctrine to abstain only under "exception circumstances," because it "is a narrow exception to a federal court's 'virtually unflagging' duty to adjudicate a controversy that is properly before it." <u>African Methodist Episcopal Church v. Lucien</u>, 756 F.3d 788, 797 (5th Cir. 2014) (citations omitted). A decision to abstain "must be based on considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." <u>Id.</u> (quotations and citations omitted).

### 1. Parallelism

Determining whether the federal action and state action are sufficiently parallel is the first step to determining whether abstention is proper under the <u>Colorado River</u> doctrine. <u>Id.</u> "Parallel actions are those involving the same parties and the same issues." <u>Id.</u> (quotations and citations omitted). However, the "precise identity" of parties and issues is not necessarily required. <u>Id.</u>

Instead, the court "look[s] both to the named parties and to the substance of the claims asserted in each proceeding." Id.

The parties in this case are identical to the ones in the state case. Further, the issues are the same in that Allen is seeking enforcement of the settlement agreement reached in the state case. Therefore, the actions are parallel.

### 2. **Colorado River Factors**

To determine whether "exceptional circumstances" exist so as to justify application of the Colorado River abstention doctrine, the court examines six factors:

> (1) assumption by either court of jurisdiction over a *res*; (2) relative inconvenience of the forums; (3) avoidance of piecemeal litigation; (4) the order in which jurisdiction was obtained by the concurrent forums; (5) to what extent federal law provides the rules of decision on the merits; and (6) the adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction.

Id. at 798 (quoting Stewart v. W. Heritage Ins. Co., 438 F.3d 488, 491 (5th Cir. 2006)). The Supreme Court of the United States has noted that "[t]he decision whether to dismiss a federal action because of parallel state-court litigation does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply to a given case, which the balance heavily weighted in favor of the exercise of jurisdiction." Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 103 S.Ct. 927, 937 (1983).

The first factor, jurisdiction over a *res*, is absent because the case does not involve any *res* or property over which any court has taken control. Murphy, 168 F.3d at 738. "[T]he absence of this first factor weighs against abstention." Id.

5

The second factor, relative inconvenience of the fora, is neutral. This factor "primarily involves the physical proximity of [each] forum to the evidence and witnesses." African Methodist Episcopal Church, 756 F.3d at 800 (quoting Evanston Ins. Co. v. Jimco, Inc., 844 F.2d 1185, 1191 (5th Cir. 1988)). The United States District Court for the Eastern District of Louisiana and the Civil District Court, Parish of Orleans, State of Louisiana, are both in New Orleans, Louisiana. Indeed, they are less than one-half-of-a-mile from one another. Thus, they are equal in terms of physical proximity to the evidence and witnesses.

The third factor, the avoidance of piecemeal litigation, weighs in favor of abstention. "The real concern at the heart of the third Colorado River factor is the avoidance of *piecemeal* litigation, and the concomitant danger of inconsistent rulings . . ." Id. (quoting Black Sea Inv., Ltd. v. United Heritage Corp., 204 F.3d 647, 650-51 (5th Cir. 2000)). This federal action involves the enforcement of a settlement agreement reached in the state court action, which remains pending. Issues regarding the enforcement of the settlement agreement could be brought in the state court.

The fourth factor, the sequence in which jurisdiction was obtained, weighs in favor of abstention. This factor "should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions." Id. (quoting Moses H. Cone, 103 S.Ct. at 940). The state court action was filed on in 2003, and settled in 2006, although it was never closed. This federal action was filed ten years later, in 2016. The state court action has clearly had much more progress. Thus, the state court has more familiarity with this action.

The fifth factor, whether and to what extent federal law controls th merits of the decision, weighs in favor of abstention. Allen's breach of contract claim arises under Louisiana law.

The sixth factor, the adequacy of the state proceedings to protect Allen's rights, is neutral. This factor can only be neutral or weigh against abstention, it cannot weigh in favor of abstention. Id. at 801. Here, there is no indication that Allen's rights would not be adequately protected in the state court. The state court action remains pending and Allen can file a motion to enforce the settlement agreement in the state court.

In sum, three of the Colorado River factors weight in favor of abstention, one weighs against abstention, and two are neutral. The weighing of the factors shows that abstention is warranted in this case, and it will be stayed until Allen pursues enforcement of the settlement agreement in state court and that matter is closed.

## CONCLUSION

**IT IS HEREBY ORDERED** that the Orleans Parish School Board's Motion to Dismiss for failure to state a cause of action (Doc. #5) is **DENIED**.

**IT IS FURTHER ORDERED** that the Orleans Parish School Board's Motion to Stay pursuant to the Colorado River abstention doctrine (Doc. #5) **GRANTED**, and this matter is **STAYED** until plaintiff pursues enforcement of the settlement agreement in the state court action and that matter is closed.

New Orleans, Louisiana, this 7 day of September, 2016.

MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE

7